IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BARBARA A. CURLEE     PLAINTIFF

vs.     No. 1:06CV219-D-D

WELLS FARGO HOME MORTGAGE; et al.     DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the court are the Defendants Wells Fargo Home Mortgage and John C. Morris' separate motions for summary judgment. Upon due consideration, the court finds that the motions should be granted.

*A. Factual Background*

In November of 1998, the Plaintiff executed a promissory note that was secured with a Deed of Trust on the property located at 1502 Breckenridge Street in Corinth, Mississippi. That Deed of Trust was eventually assigned to the Defendant Wells Fargo Home Mortgage, with the Defendant John C. Morris eventually being substituted as trustee (although he has since been replaced by the Defendant Scot P. Goldsholl). Pursuant to the terms of the subject promissory note, the Plaintiff was to pay $408.28 in principal and interest on the first day of each month.

The Plaintiff has undisputedly failed to remain current on the subject note. In May of 2001, Wells Fargo and the Plaintiff entered into their first Loan Modification Agreement, which increased the Plaintiff's monthly payment slightly (to $436.17) in order to avoid foreclosure proceedings. In 2004, the Plaintiff again failed to make several monthly payments. This time, foreclosure proceedings were initiated by Wells Fargo and Morris. While those proceedings were pending, however, the parties agreed that if the Plaintiff paid Wells Fargo the sum of $2,470.00 to cover past due payments and entered into another written payment plan, Wells Fargo would not proceed with

foreclosure. While the Plaintiff paid the back-due amount ($2,470.00) to Wells Fargo, she neither signed the new payment plan agreement nor did she continue making mortgage payments to Wells Fargo. Thus, on July 14, 2004, Wells Fargo and Morris conducted a non-judicial foreclosure in accordance with the terms of the subject Deed of Trust; Wells Fargo was the highest bidder for the property. Wells Fargo then, however, attempted to work again with the Plaintiff and sent her another proposed payment plan. This time, the Plaintiff signed the agreement and, on September 8, 2004, the parties entered into a new payment plan. Morris and Wells Fargo then, on September 20, 2004, rescinded the July 14, 2007, foreclosure by delivering a Trustee's Notice of Rescission of Foreclosure Sale and Conveyance to the Alcorn County Chancery Clerk.

The Plaintiff, however, did not remain current on this payment plan and Wells Fargo, this time through the Defendant Scot Goldsholl, again began foreclosure proceedings. A foreclosure sale was scheduled for December 9, 2005. Wells Fargo once again proposed to the Plaintiff that the parties enter into a new payment agreement that would prevent foreclosure. While the Plaintiff never signed the agreement, on December 8, 2005, she did pay the back due amounts ($3,500.00) to Wells Fargo. Since that date, however, she has not made any payments to Wells Fargo although she still occupies the subject property. Accordingly, Wells Fargo and Goldsholl conducted a non-judicial foreclosure sale of the property on June 1, 2006, at which Wells Fargo was the highest bidder.

On August 3, 2006, the Plaintiff filed the current action in state court, asserting claims for, *inter alia*, wrongful foreclosure and due process violations. The Defendants subsequently removed the action to this court; the Plaintiff has not moved for remand. The Defendants Wells Fargo and John Morris have now separately moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

*B. Summary Judgment Standard*

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202 (1986); Celotex Corp., 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).

*C. Discussion*

The Plaintiff asserts four claims against the Defendants: wrongful foreclosure, deprivation of due process, wrongful collection of indebtedness, and violation of the Fair Debt Collection

Practices Act. The Plaintiff has affirmatively conceded her claims under the Fair Debt Collection Practices Act and those claims are dismissed on that basis.

The Plaintiff first asserts a claim that she has been deprived of property without due process. The court rules that this claim is without merit. It is axiomatic that a non-judicial foreclosure under Mississippi law does not constitute "state action," and thus does not implicate the Due Process clause of the Constitution. Leininger v. Merchants & Farmers Bank, 481 So. 2d 1086, 1090 (Miss. 1986) (holding that "nonjudicial foreclosures of deeds of trust constitute private action authorized by contract and do not come within the scope of the due process clause of the federal constitution."). Accordingly, the court finds that this claim is without merit and should be dismissed.

Next, the Plaintiff asserts claims for wrongful foreclosure and wrongful collection of indebtedness. Under Mississippi law, a wrongful foreclosure occurs when a foreclosure is attempted solely for a malicious desire to injure the mortgagor or the foreclosure is conducted negligently or in bad faith to the mortgagor's detriment. National Mortgage Co. v. Williams, 357 So. 2d 934, 935-36 (Miss. 1978).

The Plaintiff does not allege that Wells Fargo, Morris or Goldsholl possessed any malice in foreclosing on the subject property, nor does she assert that the foreclosure sales were conducted negligently or in bad faith. In addition, the Notice of Rescission filed after the first foreclosure on July 14, 2004, restored the parties to the place where they stood prior to foreclosure. Cenac v. Murry, 609 So. 2d 1257, 1273 (Miss. 1992). The Mississippi Attorney General has further opined that a notice rescinding a foreclosure sale voids the foreclosure and restores the original deed of trust, which conveys the property back to the mortgagor. See Op. Att'y Gen. No. 2004-0239, 2004 WL 1833063 (July 16, 2004). Thus, the July 14, 2004, foreclosure was effectively rescinded. The court

further finds that the June 1, 2006, foreclosure, which remains in effect, was properly conducted. The Plaintiff was admittedly in default and did not adhere to the terms of the payment agreements that she entered into with Wells Fargo[1]. While the Plaintiff made two lump sum payments[2] to Wells Fargo to cover past-due payments, there is no evidence whatsoever in the record to indicate that these payments were extorted from the Plaintiff or improperly applied to her account. Thus, the court finds that the Plaintiff's claims for wrongful foreclosure and wrongful collection of indebtedness are without merit.

Based on the above authorities and the submissions before the court, the court finds that dismissal of all of the Plaintiff's claims against Wells Fargo and John C. Morris is appropriate; no genuine issue of material fact exists and the Defendants are entitled to judgment as a matter of law.

## D. Conclusion

In sum, the court finds that the Plaintiff has simply not offered sufficient evidence to overcome summary judgment. As previously noted, "mere allegations or denials" are insufficient to adequately oppose a motion for summary judgment. Fed. R. Civ. P. 56(e). Instead, as previously noted, a party facing a summary judgment motion must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324. The Plaintiff has wholly failed to do so in this case. Accordingly, the court finds that the Defendants' motions for summary judgment should be granted. The Defendants have shown that there are no

---

[1] Indeed, the Plaintiff has not made a payment of any kind to Wells Fargo since December 8, 2005.

[2] One payment of $2,470 was made on July 6, 2004, and one payment of $3,500 was made on December 8, 2005.

genuine issues of material fact and they are entitled to judgment as a matter of law on all of the Plaintiff's claims.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of December 2007.

/s/ Glen H. Davidson
Senior Judge